SCOTT E. BRADFORD, OSB #062824
Acting United States Attorney
District of Oregon
**ELIZA CARMEN RODRIGUEZ, NYSB #5645379**
Assistant United States Attorney
Eliza.Carmen.Rodriguez@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00435-IM** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ERLEND SECRET VIKAR,**<br>**f.k.a. Joshua Evan Huff,** | |
| **Defendant.** | |

**Introduction**

Vikar met MV2[1], a16-year-old girl, on Discord in January 2022, when he was 36 years old. Even though he knew her age and was aware of their 20-year age gap, he encouraged the relationship. Over time, they exchanged sexually explicit photos that included photos of MV2 engaging in sex acts that Vikar had requested. This illicit relationship only ended when MV2's parent discovered the messages and took away her electronic devices in August 2023.

---

[1] This juvenile is referred to in the PSR as MV2.  The government charged defendant for crimes relating to only one victim, so this individual is identified as "MV" in the Indictment.

**Government's Sentencing Memorandum**                                    **Page 1**

Defendant will be before this Court for sentencing on July 29, 2026, after pleading guilty to Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a). The parties jointly recommend a 15-year sentence. The government requests that the term of imprisonment be followed by a lifetime term of supervised release. The government also recommends a $100 special assessment and restitution to the victims of this case.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Offense Conduct

On August 6, 2023, the FBI received a tip from a concerned mother who reported that her daughter, MV2, was having conversations of a sexual nature with an adult male online. (PSR ¶ 20).  Defendant met MV2, a 16-year-old girl, on Reddit in January 2022, and they later transitioned to Discord. (PSR ¶ 21). Defendant used the username "DaHorseMF#5869" (*Id.*). MV2's parent gave the FBI a photo that she pulled from the chats, told them that the man was a private tutor in Beaverton, Oregon, and that he went by the name "Josh H." on a tutoring website. (PSR ¶ 22). The parent hired a private investigator who was able to pull court documents that revealed defendant had legally changed his name from "Joshua Evan Huff" to "Erlend Secret Vikar" on July 16, 2021. (*Id.*). The parent gave the FBI some screenshots of the chats that had taken place between MV2 and defendant.

FBI agents were able to identify Erland Secret Vikar as the individual communicating with MV2. They were also able to obtain chats that had taken place between defendant and MV. Those chats were sexually charged and contained requests by defendant for videos. The following chats took place in April 2023.

> **Defendant:** I want you to make me a little dirty munchie video of you getting off while looking at dad cocks making their special cream
> **MV:** I can do that ddy (heart emoticon) np

**Government's Sentencing Memorandum**                    **Page 2**

> **Defendant:** You don't have to look at the camera. It's natural for little girls to be fixated on that.

They continued to discuss the video defendant requested (PSR ¶ 24). Defendant told MV "just have fun" and then:

> **Defendant:** Good girl, don't forget to open wide so those big cocks can feed you when you're gonna [sic] cum for them. Fuck, I'm so evil. I'm training a little girl to devote herself to serving big pervert cock.

> **Defendant:** Maybe one day I'll write fairy tales that are meant to teach a special little girl her place in the world.

Defendant also coached her in sexual conversations with others online. (PSR ¶ 25). He encouraged MV2 to send photos of herself to those interested in talking to teens and told her not to send nude photos. (*Id*.) Later, defendant helped MV2 write advertisements in German seeking older men for her first sexual experiences. (PSR ¶ 26). These ads, which were drafted to possibly be posted online, contained specific sexual acts and a request to record anything that took place. *Id*.

Defendant wrote to MV2 in May 2023 saying, "But good teen pussy is priceless, and a few of them want old men cum. So you are the lottery prize… when I found out you were, and you were helping other men my age get to sleep, I came extra hard thinking about it." (PSR ¶ 27). Later, he sent explicit instructions to MV2 so that she could make a video for him, including how she should set up the camera:

> I think for this one, I want you setting up the camera so it's like it is watching you suck me off… it's okay to look at the camera like it's a camera when you're pretending to suck me… we'll make you a good little porn star, don't you worry.

*Id*.

Other concerning messages from defendant were located in the chats. (PSR ¶ 32). There were messages concerning their age gap and the illegality of their relationship: "I'm 37 years old.

**Government's Sentencing Memorandum**                                      **Page 3**

I'm twenty years older than you;" "This would be illegal in the state I'm from. This would be felony assault. And the judge wouldn't listen when I told him you liked it;" and "I wish I could take you back to the states so this was rape." Defendant expressed his desire to father a child with MV2 while she was underage: "I think about breeding you while you're 17, and you receiving your Abi[2] with a little baby bump" and to have a child with MV2 that he could abuse:

> In my (sick) fantasies, the little munchie is like you… so when you caught her looking at daddy's schwanz[3], you wouldn't scold her, you'd try to be not obvious when getting me hard so she could see it like that. (sorry if that's weird).

*Id.*

He also sent messages regarding making MV2 a "sex toy", "So I thought about getting a nice rural cabin AirBnb and giving you a taste of the teenage sex toy life, for the whole month of July," and "And make you my underage, live-in sex toy." *Id.* Defendant also explained why he told MV2to send photos to him, but not others online, "It's because I accept the risk of having special pictures of a munchie, but that's not fair to someone who doesn't know you're a munchie."

MV2 sent two photos of herself to the defendant in which she was nude and crouching in a bathtub. (PSR ¶ 29). She also sent a 51-second video displaying her genitals and masturbating. (PSR ¶ 30). Defendant instructed MV2 on how to conceal their messages:

> Do not put anything dirty sexi [sic] in these repos [sic]… All of this is mostly a cover for you being on your laptop so often. We should do our dirty file exchanging on Keybase, because Github doesn't have the same kind of privacy measures.

(PSR ¶ 31).

---

[2] An "abi" is the German equivalent of a high school diploma.
[3] "Schwanz" is German slang for "penis."

**Government's Sentencing Memorandum**                              **Page 4**

FBI agents learned that defendant had moved from Oregon to Virginia during the course of their investigation. (PSR ¶ 33). A search warrant for defendant's Virginia residence was obtained and executed on October 29, 2024. (*Id.*) In defendant's residence, agents located multiple electronic devices, hard drives, and a monkey stuffed animal that matched one he had gifted to MV2. (PSR ¶¶ 35-6). On the hard drives, they located child sexual abuse material, some of which contained MV2. (PSR ¶ 36).

Prior to his relationship with MV2, a tip had been submitted to the National Center for Missing and Exploited Children (NCMEC) by another minor victim (MV1) who stated that she was "threatened, sexually abused, asked to video cam, requested to meet up, and pressured into sending sexual images of myself." This male was determined to be defendant. MV1 ultimately chose not to work with local law enforcement.

### B.    The Charges

Defendant was indicted on two counts:  Coercion and Enticement of a Minor, in violation of Title 18, United States Code, Section 2422(b), and a count of Sexual Exploitation of Children, in violation of Title 18, United States Code, Section 2251(a). On April 27, 2026, defendant pled guilty to Count 2 - Sexual Exploitation of Children.

### II.    GUIDELINES COMPUTATION AND PLEA AGREEMENT

Pursuant to the plea agreement, in exchange for a guilty plea, the government will recommend that defendant receive a three-level reduction for acceptance of responsibility. The government and defense stipulated to the following guideline computation in the plea agreement:

**For Sexual Exploitation**

| | |
|---|---|
| Base offense level [USSG § 2G2.1(a)] | 32 |
| Commission of a Sex Act [§ 2G2.1(2)(A)] | +2 |
| Use of Computer [§ 2G2.1(b)(6)(B)(i)] | +2 |

**Government's Sentencing Memorandum**                                    **Page 5**

| Adjusted offense level | 36 |
|---|---|

## III.    DISCUSSION

### A.  Plea Agreement

The parties agree that, under 18 U.S.C. § 3553(a), the advisory sentencing guideline range calculated by the Court is appropriate, resulting in an adjusted advisory guideline range of 135 to 168 months of imprisonment. (PSR ¶ 123). The parties jointly agreed to a recommend a sentence of 180 months, which is the mandatory minimum for the charge for which defendant is convicted. (PSR ¶ 9). The government reserved the right to seek any term of supervised release within the statutory range under 18 U.S.C. § 3583(k), which is any term of years not less than 10 years. (*Id*).

### B.  Government's Recommended Sentence

The United States respectfully requests the following sentence: (1) term of imprisonment of 180 months, (2) a lifetime term of supervised release, with the conditions recommended by probation, (3) a $100 special assessment, (4) minimum restitution in the amount of at least $3,000 for "Jane" a minor identified in a known series of CSAM located in defendant's possession. Minor Victim, Jane.

### C.  Analysis

The guidelines provide the starting point and initial benchmark for sentencing that "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *United States v. Rita*, 551 U.S. 338, 350 (2007); *see also Peugh v. United States*, 133 S. Ct. 2072, 2080 (2013); *Gall v. United States*, 552 U.S. 38, 49 (2007).

Once the Court correctly computes the guidelines, it may vary from the advisory range if justified under the factors set out in 18 U.S.C. § 3553(a), including the defendant's history and

**Government's Sentencing Memorandum**                                                                **Page 6**

characteristics, the nature and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by the defendant. 18 U.S.C. §§ 3553(a)(1)-(2); *see also United States v. Carty*, 520 F.3d 984 (9th Cir. 2008) (en banc) (reciting sentencing procedure). Other factors include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), and, where applicable, the need to provide restitution to any victims of the offense. 18 U.S.C. §3553(a)(7). *See also Rita*, 551 U.S. at 347-48 (enumerating the statutory sentencing factors); *Gall*, 552 U.S. at 50, n.6 (same).

Defendant's actions merit the recommended 180 months of imprisonment. An analysis of the factors set out in 18 U.S.C. § 3553(a) also shows that he cannot be in the community unsupervised and should be subject to a lifetime term of supervised release. Child exploitation offenses are extremely serious crimes that "result in perpetual harm to victims and validate and normalize the sexual exploitation of children." *Report to the Congress: Federal Child Pornography Offenses*, United States Sentencing Commission (December 2012), at vi.

Defendant acknowledged multiple times that MV2 was a minor and that their relationship, including the photos and videos that she sent to him, was illegal. Instead of ending the relationship, Defendant repeatedly asked for videos containing child sexual abuse of MV2 and sent files of himself committing sex acts. He instructed her to keep their messages secret and coached her on how to have other illicit relationships with men online. The true extent of the harm and trauma that he inflicted upon these victims cannot be overstated. *United States v. Super*, No. 3:23-cr-05233-BHS, 2023 WL 5952715, at *3 (W.D. Wash. Sept. 13, 2023) ("Harm caused by sexual abuse and exploitation of minor children is incalculable").

**Government's Sentencing Memorandum**                                          **Page 7**

Congress has recognized that "where children are used in its production, child pornography permanently records the victim's abuse and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years." Child Pornography Prevention Act of 1996, Pub. L. No. 104-208 § 121, 110 Stat. at 3009, 3009-27 (1996). Defendant's demonstrated sexual interest in minors, his disregard for the illegality and illicit nature of the relationships he had with minors, and the fact that he had two victims in a short time period compels the conclusion that he should be subject to a lifetime of supervised release. *See United States v. Brugnoli-Baskin*, No. 2:22-MJ-00499-MAT-LK, 2022 WL 16636429, at *5 (W.D. Wash. Nov. 2, 2022).

Defendant knew that his victims were minors and flouted the illegality of their relationship, choosing to continue to send and ask for sexually explicit photos and videos. His conduct warrants a 180-month sentence. Further, because of the seriousness nature of the offense and the extreme harm and danger he has caused to minor children, the government asks the Court to offset those concerns with a longer period of supervised release than what Probation is recommending. The statute allows a term of five years to life. 18 U.S.C. § 2583(k). Probation recommends 15 years. The government asks the Court to impose a lifetime term of supervision.

### D.  Restitution

Restitution is mandatory in child pornography cases for "the full amount of the victim's losses as determined by the court," and shall be imposed "in addition to any other civil or criminal penalty authorized by law." 18 U.S.C. §§ 2259(a), (b)(1), (b)(4).  The term "victim" includes both "the individual harmed as a result of a commission of a [child pornography] crime," and, if the victim is under 18, "the legal guardian of the victim" or "another family

**Government's Sentencing Memorandum**                    **Page 8**

member." 18 U.S.C. § 2559(c). Under § 2259(b)(2)(B), each victim that makes a restitution request must receive at least $3,000 in restitution.

The government has communicated these rights to the minor victims in this case who have been identified. The government has not received any documentation or restitution requests for MV2. However, we have received a request for restitution from a minor victim "Jane"[4] whose images that defendant possessed.  "Jane" is requesting $10,000[5]. Pursuant to the Mandatory Victim Restitution Act of 1996 and the Amy, Vicky and Andy Child Pornography Victim Assistance Act of 2018, the government requests that the Court order restitution in the amount of at least $3,000 be awarded to the victim "Jane".

**Conclusion**

Based on the foregoing, the government recommends that this Court impose a sentence of 180 months imprisonment, followed by a lifetime term of supervised release, a special fee assessment, and restitution.

Dated: July 24, 2026                                    Respectfully submitted,

                                                        SCOTT E. BRADFORD
                                                        United States Attorney

                                                        */s/ Eliza Carmen Rodriguez*
                                                        ELIZA CARMEN RODRIGUEZ
                                                        Assistant United States Attorney

---

[4]  Pseudonym used by the minor's counsel of record.

[5]  a restitution request packet from Counsel for minor "Jane" was provided under separate cover by the government to Court, Probation and Defense counsel.

**Government's Sentencing Memorandum**                                    **Page 9**